Battle, J.
 

 The 40th section of' the 31st chapter' of the Revised Statutes provides," among other things, that no> suit shall be originally commenced either in the county or superior court “for any sum of less value than one- hundred dollars, due by bond, promissory note, or liquidated' account signed by the party to be charged thereby.”' The-mode by which the defendant may protect himself against a suit brought contrary to this provision, ife- prescribed' in the 41st and 42nd sections of the same chapter. If the- suit shall be commenced in the county court for any sum. of'less value- than one hundred dollars, duo by- bond, promissory note, or liquidated account, signed by the- party to- be- charged thereby, the 41st section declares that th-e-same-shall be-dismissed by the court. From the construction- placed upon- this section, in the case of
 
 Clark
 
 v.
 
 Cameron,
 
 4 Ired. Rep. 161, it seems that the county court cannot dismiss the suit- unless it appears from the
 
 writ
 
 and
 
 declaration,
 
 that the sum demanded is less than $100, and that the verdict of a jury, finding a less sum does not bring the case within the provision of' this section. When the suit is originally-commenced'in-the superior court, contrary to the 40th section, the defendant may have it dismissed, though the sum demanded- in the- writ a-nd- declaration be greater than
 
 *358
 
 $100: for the 42nd section declares that
 
 “
 
 if any person shall demand a greater sum than is due, on purpose to evade the operation of this Act, and by the verdict of a jury it shall be ascertained that a less sum is due to him, in principal and interest, than by the provisions of the said 40th section said superior court has jurisdiction of, then, and in that case, it shall be the duty of the court to nonsuit the plaintiff; and he shall pay all costswith a proviso for the plaintiff’s showing on affidavit, that the sum for which his suit was brought, was really due, though not recovered; and thereby avoiding the nonsuit. It is manifest that this provision differs materially from that prescribed in the 41st section, for the county court; and it' is expressly so held in the case of
 
 Clark
 
 v. Cameron, where the subject is fully discussed and. explained. If, then, in the present case, the suit had been brought by John Carpenter, the payee of the note, the defendant would have been entitled to the judgment of non-suit for which he moved. But it appeal’s upon the record that the note was due on the 1st day of January, 1858, and was assigned to the plaintiff’s intestate, on the 1st day of April following. The payment of $226 25 was found by the jury to have been made on 12th day of December, 1852, but it does not appear to have been endorsed on the note, nor that the assignee had any notice of it: The question is, does°the endorsee, who is bound by the payment made to the endorser, because he took the note after it fell due, come within the provisions of the 42nd section of the Act, which we are now considering ? After much reflection \be are satisfied that he does not. And we have been brought to this conclusion by the following reasons. The purposed evasion of the Act by demanding a greater sum than is due, is the mischief contemplated; and the person, who knowingly attempts it, is very properly punished by having a judgment of non-suit entered against him and paying all the costs, when the verdict of the j uiy ascertains his illegal purpose. Now it is manifest that the endorsee of a bond, or promissory note, who takes it, though after due, without any payments endorsed upon it, and without knowing that any
 
 *359
 
 have been made in part discharge of it, cannot be said, in suing upon it' in the superior court, to have a purpose to evade the operation of the Act. Besides, if he be within the Act, he cannot avail himself of the benefit of the proviso; for he cannot safely make affidavit that the sum for which suit was brought, was really due, in opposition to the finding of the jury that a payment had been made to his endorser. He cannot warrant before a single magistrate up'on his bond or note, becaiise it is apparently above a magistrate’s jurisdiction ; and while ignorant of the payment, he cannot know that a credit ought to be entered upon it. If the Act be applicable to him,. then he will be placed in the singularly unfortunate predicament, that he cannot recover what is really due him, until after he has incurred the trouble and expenses of a suit in court. It is true, as we have already stated, that, by taking the bond or note, after it has become due, he takes it subject to all the payments which have been made on it to the endorser, and, indeed, to all the equities to which it was subject in the hands of the endorser. (See
 
 Haywood
 
 v.
 
 McNair,
 
 2 Dev. and Bat. Rep. 283.) This is said to be rejgamjg^^ecause “ the as-signee of an over-due paperassignor did, as the state of the paper iájKs^ilr that there if a defence, unless the maker hold out to|tlie^oi^íi^ví*iWe can see no reason why this disability sl|&jM™be'!extendedlfurther, and prevent an innocent ■assigne(lfroim^tig|t„1Ei^(hJ court which apparently had jurisdiction omfig'Cause. TJwrdebtor by neglecting to have the payment emteyseS;!^ is usual, when it is made on a bond or note, is surely as much in fault, so far as the question of jurisdiction is concerned, as is the assignee by taking over-due paper. The assignee, in such a case, cannot be said to demand a greater sum than is due
 
 on purpose to evade the Act:
 
 and he does not, therefore, come strictly within its letter ; and he is clearly not within its spirit. "We think his Honor did right in refusing to non-suit the plaintiff, in this case, and the judgment is affirmed.
 

 Pee CubiaM. - ■ Judgment affirmed.